## Equitable Life Assur. Soc. of the United States v. Gaines.

(Decided Oct. 11, 1938.)

BRUCE & BULLITT, EUGENT B. COCHRAN and LEWIS L. WALKER for appellant.

JOE E. ROBINSON and H. CLAY KAUFFMAN for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

By a contract supplemental of a life insurance policy, the appellant bound itself to pay to Mable R. Gaines, beneficiary, $3,000 additional if her husband, the late Edward C. Gaines, should be accidentally killed. The condition was that death should result "solely from bodily injury caused directly, exclusively and independently of all other causes by external, violent and purely accidental means."

It was further conditioned that the death "shall not be the result of or be caused directly or indirectly by * * * disease or illness of any kind, physical or mental infirmity."

On January 25, 1936, the insured slipped on an icy platform and dislocated his shoulder. He died five days later. Alleging that his death was the result of that accident, the beneficiary sued to recover on the supplemental policy. The defendant maintained that death

was due to heart disease and that the fall and its consequences were but contributory causes. A jury returned a verdict for the plaintiff.

The Prudential Insurance Company of America had issued a supplemental contract which contained almost identical terms. A judgment in favor of the beneficiary in a suit brought upon that policy was reversed as being flagrantly against the evidence. Prudential Insurance Company v. Gaines, 271 Ky. 496, 112 S. W. (2d) 666. The facts are related in detail in the opinion. The same contentions are made on this appeal as were made there, and it seems sufficient to say that for the reasons given in that opinion the same conclusion is reached in our review of this case. It is not necessary to pass upon the argument that a peremptory instruction to find for the defendant should have been given.

The judgment is reversed.